IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HUASCAR RIJSSENBEEK AND ,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 4:25-cv-5786 |
| **SPARK BIOMEDICAL, INC.,** | § § § | |
| **Defendant** | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Huascar Rijssenbeek ("Plaintiff") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

### I. NATURE OF SUIT

1. Defendant Spark Biomedical, Inc. ("Spark") has violated the FLSA by purposefully classifying Plaintiff as an independent contractor and failing to pay Plaintiff in accordance with the guarantees and protections of the FLSA.

2. Defendant has failed and refused to pay Plaintiff at time-and-one-half his regular rates of pay for all hours worked in excess of forty hours per workweek. However, Defendant had full knowledge that Plaintiff was an employee, not an independent contractor, and that Plaintiff consistently worked over forty hours per workweek.

### II. PARTIES

3. Plaintiff Huascar Rijssenbeek is a Florida resident.

4. Defendant Spark Biomedical, Inc. is a Delaware corporation.

5. Even though it appears that Spark Biomedical, Inc. is no longer registered with the Texas Secretary of State, Spark Biomedical, Inc. previously listed its principal place of business with the Texas Secretary of State as 2319 Rymers Switch Cir., Friendswood, Texas 77546.  In a certificate of conversion filed with the Texas Secretary of State's office in 2023, Spark Biomedical Inc. listed its principal place of business as 16730 Creek Bend Drive, Sugar Land, Texas.

6. Spark's registered agent for service of process is Capital Corporate Services, which may be served at 1501 Mopac Expwy, Suite 220, Austin Texas 78746.

7. At all times relevant to this claim, Spark was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended,  29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.   This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in Houston Division of the Southern District of Texas as Spark Biomedical's primary office is located in this District and Division, and Spark Biomedical's consulting agreement with Plaintiff specifies that any suit between Plaintiff and Spark Biomedical would occur in Houston federal or state court.

10. Plaintiff was an employee of Defendant and performed work remotely for Defendant in Florida. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division.  28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

11. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer concerning Plaintiff.

12. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff was considered to be an "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

16. As an employee of Defendant, Plaintiff handled items such as cell phones and computers, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

17. Defendant provides wearable neurostimulation devices to assist with such things as opioid withdrawal and menstrual wellness.

18. Defendant employed Mr. Rijssenbeek as an hourly Life Cycle and Performance Marketing Manager.

19. Defendant hired Mr. Rijssenbeek to help create its marketing strategy and optimize its website promoting its menstrual wellness device, among other things.

20. Defendant paid Mr. Rijssenbeek on an hourly basis.

21. Defendant treated Mr. Rijssenbeek as an independent contractor.

22. Defendant treated Mr. Rijssenbeek as an independent contractor, even though Defendant provided him with all the equipment he used in performing his duties as a Life Cycle and Performance Marketing Manager.

23. Defendant treated Mr. Rijssenbeek as an independent contractor, even though it controlled his schedule.

24. Defendant treated Mr. Rijssenbeek as an independent contractor even though Defendant determined when and where Mr. Rijssenbeek performed work for Defendant.

25. Defendant treated Mr. Rijssenbeek as an independent contractor even though he was required to attend daily company meetings.

26. Defendant treated Mr. Rijssenbeek as an independent contractor even though he reported directly to the Chief Financial Officer.

27. Defendant treated Mr. Rijssenbeek as an independent contractor even though he performed the same duties as company employees.

28. Defendant treated Mr. Rijssenbeek as an independent contractor, even though Defendant employed him continuously from June 2025 through October 10, 2025, when Defendant discharged him for reporting workplace misconduct.

29. Defendant paid Mr. Rijssenbeek $69.23 an hour for all hours worked, whether above or below forty hours per workweek.

30. Mr. Rijssenbeek consistently worked more than forty hours per workweek.

31. Defendant never paid Mr. Rijssenbeek overtime premiums for any hours worked over forty per workweek.

32. Mr. Rijssenbeek brought up the issue of unpaid overtime to Defendant, but Defendant told him it did not pay overtime compensation.

33. Mr. Rijssenbeek was not an independent contractor.

34. As such, Defendant was required to pay Mr. Rijssenbeek overtime premiums for all hours worked over forty hours per week.

35. Mr. Rijssenbeek routinely worked long hours and consistently worked more than forty hours per week.

36. At no time did Defendant pay Mr. Rijssenbeek overtime compensation for any hours worked over forty per week.

37. Defendant was fully aware of its obligations to pay overtime compensation to non-exempt employees such as Mr. Rijssenbeek.

38. Defendant purposefully ignored its obligations to pay overtime compensation to non-exempt employees, including Mr. Rijssenbeek.

39. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Mr. Rijssenbeek for his overtime hours.

## VI. CAUSE OF ACTION:

## FAILURE TO PAY OVERTRIME WAGES IN
## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40. Plaintiff incorporates all allegations in paragraphs 1 through 39 as though fully set forth herein.

41. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Plaintiff, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Plaintiff, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Plaintiff, were employed.

42. Defendant has acted willfully in failing to pay its non-exempt employees, including Plaintiff, in accordance with applicable law.

43. This willfulness is evident in, among other things, Defendant's statement that it did not pay overtime after Plaintiff complained about Defendant's failure to pay him overtime wages.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiff Huascar Rijssenbeek prays for judgment against Defendant Spark Biomedical, Inc. as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b.    For an Order awarding Plaintiff reasonable attorney's fees, costs, and expenses of this action, including expert witness costs, as provided by the FLSA;

    c.    For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

      d.      For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, and

      e.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
505 E. Magrill
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**