UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUASCAR RIJSSENBEEK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO: 4:25−cv−05786 |
| SPARK BIOMEDICAL, INC., | § § § | |
| Defendant. | § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

As an initial matter, Defendant contends that the disputes between the parties arise out of a consulting agreement, which contains an arbitration provision that requires this matter be litigated in arbitration. Therefore, Defendant intends to file a motion to stay and compel arbitration. Plaintiff's counsel is currently evaluating that issue with his client and has not yet determined if he will oppose such a motion. Subject to and without waiver of the right to move for a stay and to compel arbitration, Defendant is participating in this filing to comply with this Court's rules and applicable deadlines.

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    Douglas Welmaker, on behalf of the Plaintiff, and Randy Bruchmiller, on behalf of the Defendant, conferred on January 22, 2026, by telephone.[1]

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3. **Briefly describe what this case is about.**

    Plaintiff seeks to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA") against Defendant. Plaintiff claims that he was improperly classified as independent contractor, paid a day rate and denied overtime compensation for hours worked in excess of forty (40) hours in a single workweek.

---

[1] The parties intended to submit this filing yesterday, which is the usual deadline, but were unable to do so because Plaintiff's counsel had the flu.

  Defendant contends that Defendant acted in good faith and is not liable for the damages sought. Defendant further contends that Plaintiff created the situation for which Plaintiff is now pursuing a claim by pressuring Defendant at the beginning of the relationship to treat him as an independent contractor and requesting that he be paid as an independent contractor. In addition, Defendant contends that Plaintiff submitted and was paid for an unauthorized invoice (contrary to the agreement between the parties) in an amount that exceeds Plaintiff's alleged overtime pay such that Plaintiff is currently in a better position than if he had been paid overtime. Defendant intends to file a counterclaim relating to Plaintiff's breach of the contract relating to the unauthorized invoice/payment and a claim relating to a laptop that was assigned to Plaintiff.

4. **Specify the allegation of federal jurisdiction.**

  Plaintiff contends that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is alleging a cause of action that arises under a federal statute, 29 U.S.C. § 201 *et seq*.

5. **Name the parties who disagree and the reasons.**

  While Defendant agrees that the Court has federal question jurisdiction due to Plaintiff alleging the violation of a federal statute, Defendant contends that the matter should be resolved in arbitration, as required by the terms of the agreement between the parties.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

  Defendant believes that it may need to add Global X MGT LLC as a party to the lawsuit. This is the entity to which Plaintiff requested funds be paid rather than him. Defendant will not know for certain whether the entity needs to be added until some initial discovery is accomplished.

7. **List anticipated interventions.**

  None at this time.

8. **Describe class-action issues.**

  None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Defendant's answer is not due until February 15, 2026. Subject to Defendant's forthcoming request to compel arbitration, the Parties will exchange initial disclosures described in Rule 26(a) within fourteen (14) days of that date.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    The Parties' positions are outlined below.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiff anticipates sending interrogatories to Defendant prior to the scheduled discovery cutoff.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

    Subject to its forthcoming motion to compel arbitration, Defendant may send Plaintiff interrogatories. Defendant may also send interrogatories to Global X MGT LLC if it is added to the lawsuit/arbitration.

    D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Plaintiff anticipates deposing Defendant, through persons with knowledge of relevant facts, before the close of the discovery period. Prior to the end of the discovery deadline, Plaintiff may also depose other individuals identified in Defendant's initial disclosures and any other witness(es).

    E. **Of whom and by when the defendant anticipates taking oral depositions.**

    Defendant anticipates deposing Plaintiff and possibly any other fact witnesses whose identity and extent of knowledge of relevant facts becomes known through discovery. Prior to the end of the discovery deadline, Defendant may also depose other individuals identified in Plaintiff's initial disclosures and any other witness(es).

    F. **When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule (26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Plaintiff does not anticipate designating experts, other than for attorney's fees. In the event Plaintiff designates any expert witnesses, Defendant anticipates designating rebuttal experts and providing rebuttal expert reports within thirty (30) days' of Plaintiff's expert designation and filing of an expert report. Defendant is uncertain at this time whether it will designate an expert relating to its counterclaim, except that Defendant will designate an expert relating to attorney's fees in support of its counterclaim. Defendant anticipates

determining whether it will designate an expert, in addition to its attorney's fees expert, after certain written discovery and depositions are conducted.

> **G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Plaintiff or the party with the burden of proof on an issue will depose any experts timely designated after receipt of the expert reports and prior to scheduled discovery cut-off.

> **H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

In the event Plaintiff or the party with the burden of proof designates experts, Defendant or the opposing party anticipates deposing all such experts by the close of discovery.

**11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties agree generally, except that Defendant contends that discovery should be conducted as part of the arbitration proceeding.

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.     State the date the planned discovery can reasonably be completed.**

<u>Plaintiff's position</u>:  August 31, 2026.

<u>Defendant's position</u>:  August 31, 2026

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties discussed the claims at issue during the conference and plan to communicate with their clients and then have another call to see if an early resolution is possible.  Plaintiff believes that mediation may be appropriate after some initial discovery.  Defendant contends that, should the matter not be resolved relatively soon, the matter should proceed to arbitration.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Parties will continue to discuss whether any early resolution can be reached in the case.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Plaintiff believes that mediation may be appropriate after some initial discovery. Defendant contends that, should the matter not be resolved relatively soon, the matter should proceed to arbitration.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not agree to consent to trial before the magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff timely demanded a jury. Defendant contends that the matter should proceed in arbitration.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff's position:  12-18 hours

    Defendant's position:  15-20 hours

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None. Defendant's answer is not due until February 15, 2026. While Defendant intends to file its motion to stay and compel arbitration ahead of that date, it will likely not be filed before the scheduling conference on February 6, 2026 due to other upcoming deadlines in other matters.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    The Parties will file their Certificate of Interested Parties on or before February 15, 2026.

**24.** List the names, bar numbers, addresses and telephone numbers of all counsel.

For the Plaintiff:

Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
doug@welmakerlaw.com

For the Defendant:

Randy Bruchmiller
State Bar No. 24031889
McFadden Trachtenberg, PLLC
4200 Montrose, Suite 300
Houston, Texas 77006
Phone: (512) 368-8183
randy@greatlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing pleading was filed via the Court's CM/ECF System on the date indicated by the electronic case filing system of the Court and thereby electronically served upon all counsel of record.

*/s/Douglas B. Welmaker*
Douglas B. Welmaker