IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HUASCAR RIJSSENBEEK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:25-cv-5786 |
| § | |
| SPARK BIOMEDICAL, INC., § | |
| § | |
| Defendant § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Plaintiff Huascar Rijssenbeek ("Plaintiff") files this Response to Defendant Spark Biomedical, Inc.'s ("Defendant") Motion to Compel Arbitration and to Stay the Case, and would respectfully show the Court as follows:

Plaintiff filed this lawsuit under the Fair Labor Standards Act ("FLSA") seeking unpaid overtime wages due to Defendant's misclassification of Plaintiff as an independent contractor rather than an employee.

Defendant has moved to compel arbitration based on a provision in the Consulting Agreement. While Plaintiff does not dispute the existence of the Consulting Agreement, the arbitration provision contained therein is substantively unconscionable and unenforceable under Texas law.

Specifically, the arbitration provision mandates the use of the American Arbitration Association ("AAA") Commercial Arbitration Rules rather than the Employment Arbitration Rules. This requires Plaintiff to bear half of the substantial costs of arbitration, which effectively prevents him from vindicating his statutory rights under the FLSA. Plaintiff has recently been terminated and cannot afford the estimated $20,000 to $40,000 in arbitration fees that would be required under the Commercial Rules.

The cost-splitting provision is unconscionable because it imposes prohibitive costs on the

Plaintiff that he would not incur in federal court. Furthermore, the AAA Employment Rules—which should apply to this employment dispute—specifically require the employer to pay all costs of arbitration except for a small filing fee.

For the reasons set forth below, Plaintiff requests that the Court sever the unconscionable cost-splitting provision and order that the arbitration proceed under the AAA Employment Arbitration Rules, with Defendant bearing the costs of arbitration as required by those rules.

## I. INTRODUCTION

This is a misclassification case brought under the Fair Labor Standards Act. Plaintiff Huascar Rijssenbeek alleges that Defendant Spark Biomedical, Inc. improperly classified him as an independent contractor to avoid paying overtime wages, despite controlling his work in a manner consistent with an employer-employee relationship.

Defendant seeks to compel arbitration based on a Consulting Agreement. However, the arbitration provision in that agreement is substantively unconscionable because it mandates the use of the American Arbitration Association ("AAA") *Commercial* Arbitration Rules rather than the *Employment* Arbitration Rules. By doing so, Defendant attempts to force Plaintiff to pay half of the arbitration costs—potentially tens of thousands of dollars—which effectively denies Plaintiff a forum to vindicate his statutory rights. This cost-splitting arrangement is directly contrary to the AAA's own policies for employment disputes and renders the arbitration agreement unenforceable as written.

## II. STATEMENT OF FACTS

Plaintiff was employed by Defendant from June 2025 through October 10, 2025. During his employment, Plaintiff was paid an hourly rate of $69.23. Despite routinely working more than 40 hours per week, Plaintiff was never paid overtime compensation. Plaintiff was terminated on October 10, 2025, and is currently unemployed.

The Consulting Agreement drafted by Defendant contains a dispute resolution clause requiring that disputes be submitted to "final and binding arbitration under the then current

2

Commercial Arbitration Rules of the American Arbitration Association." (Dkt 13-1, pp.7-8). Crucially, the agreement attempts to impose the Commercial Rules rather than the Employment Rules, thereby triggering a cost-splitting requirement that would not exist under the appropriate AAA Employment Rules.

Under the AAA Commercial Rules, the parties typically split the costs of the arbitrator and administrative fees. In contrast, the AAA Employment/Workplace Fee Schedule requires the employer to pay all costs of arbitration except for a small filing fee (capped at $350) to ensure that employees are not priced out of justice. *See* Exhibit A, AAA Employment/Workplace Fee Schedule. Plaintiff estimates that his share of arbitration costs under the Commercial Rules would range from $20,000 to $40,000, a sum he cannot afford given his recent termination.

### III.  ARGUMENT AND AUTHORITIES

**A.  STANDARD FOR DETERMINING ENFORCEABILITY OF ARBITRATION AGREEMENTS**

While federal policy favors arbitration, the Federal Arbitration Act ("FAA") expressly preserves generally applicable contract defenses, including unconscionability. 9 U.S.C. § 2; *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010); *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Challenges to the arbitration provisions themselves, as opposed to the contract as a whole, should be decided by the court. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006).

Under Texas law, a contract is unconscionable if it is "grossly one-sided" or "so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008); *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002), *cert. denied sub nom.*, *Myers v. Halliburton Co.*, 537 U.S. 1112 (2003). Unconscionability is determined "in light of a variety of factors, which aim to prevent oppression and unfair surprise; in general, a contract will be found unconscionable if it is grossly one-sided." *In re Poly-America, L.P.*, 262 S.W.3d at 356.

Whether a contract is unconscionable at the time it is formed is a question of law for the court. *Id.* at 348; *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 792 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The issue of unconscionability may be addressed in evaluating the validity of an arbitration provision. *In re Halliburton Co.*, 80 S.W.3d at 571-72 (citing *Dobbins v. Hawk's Enters.*, 198 F.3d 715, 717 (8th Cir. 1999)).

### B. THE COST-SPLITTING PROVISION IS SUBSTANTIVELY UNCONSCIONABLE AND DEFEATS PLAINTIFF'S ABILITY TO VINDICATE HIS STATUTORY RIGHTS

The United States Supreme Court has clearly established that an arbitration agreement is unenforceable if the existence of large arbitration costs precludes a litigant from effectively vindicating their federal statutory rights in the arbitral forum. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000). In *Green Tree*, the Court recognized that "the existence of large arbitration costs could preclude a litigant...from effectively vindicating her federal statutory rights in the arbitral forum." *Id.* at 90. The Court further stated that a party seeking to invalidate an arbitration agreement on grounds of prohibitive expense bears the burden of showing "the likelihood of incurring such costs." *Id.* at 92.

Since *Green Tree*, courts have refused to enforce cost-splitting provisions in mandatory arbitration agreements where the employee will face financial hardship that deters pursuit of claims. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 300 (5th Cir. 2004); *Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 620 (N.D. Tex. 2002) (finding cost-splitting provision unconscionable), *dism'd on other grds.*, 57 Fed. Appx. 212 (5th Cir. 2003). The Fifth Circuit has recognized that excessive costs can render an arbitration agreement unenforceable. *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 267 (5th Cir. 2014).

In *Vallejo v. Garda CL Southwest, Inc.*, 948 F. Supp. 2d 720, 724-25 (S.D. Tex. 2013), *aff'd*, 559 Fed. Appx. 417 (5th Cir. 2014), the Southern District of Texas reaffirmed that arbitration agreements may be invalidated by contract defenses including unconscionability. The court

emphasized that where arbitration costs would be prohibitive for an employee, the agreement cannot be enforced.

Moreover, in *Redish v. Yellow Transp., Inc.*, No. 3-07-CV-1065-O, 2008 WL 2572658, at *5 (N.D. Tex. 2008), the Northern District of Texas held that a person who earned only $12,000 a year could not afford any significant arbitration costs, and requiring a plaintiff to split the costs equally would effectively deprive him of an adequate forum to resolve his claim. Similarly, in *Dominguez v. Finish Line, Inc.*, 439 F. Supp. 2d 688, 690 (W.D. Tex. 2006), the court found forum-selection and cost provisions substantively unconscionable where they would impose unreasonable burdens on the employee.

Here, the arbitration provision requires proceedings under the AAA Commercial Rules. These rules require parties to share the costs of the arbitrator's fees and administrative expenses equally. For an employment dispute that could take several days of hearings, arbitrator fees alone can easily exceed several thousand dollars per day—often ranging from $3,500 to $7,000 per day or more. Administrative fees can add thousands of additional dollars. As detailed in the Declaration of Douglas B. Welmaker (Ex. B), Plaintiff's share of arbitration costs under the Commercial Rules is estimated to range from $20,000 to $40,000.

Requiring an unemployed individual who was just terminated to pay half of these costs creates an insurmountable barrier to relief. As set forth in Plaintiff's Declaration (Ex. C), Plaintiff is currently unemployed following his termination by Defendant. His current financial situation makes it impossible to pay the substantial costs that would be required under the Commercial Rules. This is precisely the type of financial hardship that courts have found renders arbitration agreements unconscionable and unenforceable.

The cost-splitting provision is particularly unconscionable in the FLSA context. Congress enacted the FLSA to protect vulnerable workers from wage theft and exploitation. Requiring a worker who has allegedly been denied wages to pay tens of thousands of dollars to vindicate those rights

defeats the remedial purpose of the statute and creates a penalty for pursuing legitimate claims. Courts have recognized that FLSA plaintiffs should not be priced out of justice by unconscionable arbitration provisions. See *Faber v. Menard, Inc.*, 367 F.3d 1048, 1053 (8th Cir. 2004) (recognizing that large arbitration costs could preclude vindication of statutory rights).

    **C.    THE AAA EMPLOYMENT RULES SHOULD APPLY TO THIS EMPLOYMENT DISPUTE**

The AAA has promulgated specific rules for employment disputes precisely to address the unfairness of requiring employees to pay heavy arbitration costs. The AAA Employment/Workplace Fee Schedule explicitly states that for disputes arising out of employer-promulgated plans, the employer shall pay all costs of arbitration except for a filing fee not to exceed $350. (Ex. A). This policy reflects the AAA's recognition that cost-splitting provisions in employment disputes create unconscionable barriers to justice.

According to the AAA Employment Rules, "[t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") under its Employment/Workplace Arbitration Rules and Mediation Procedures or for arbitration by the AAA of an employment dispute without specifying particular rules." AAA EMPLOYMENT/WORKPLACE ARBITRATION RULES & MEDIATION PROCEDURES R-1(a). Ex. D.

The AAA's policy on employment arbitration is guided by the Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising Out of the Employment Relationship, which was developed to ensure fairness and equity in resolving workplace disputes. *See* https://naarb.org/due-process-protocol/ (page last visited March 9, 2026).

The Due Process Protocol, endorsed by the AAA and numerous other organizations including the American Bar Association Labor and Employment Section, the American Civil Liberties Union, and the National Academy of Arbitrators, recognizes that employees should not bear prohibitive costs in employment arbitration. The Protocol provides that the arbitrator should have authority to allocate

6

costs to the parties and acknowledges that cost allocation provisions can undermine access to the arbitration forum. The AAA Employment Rules implement these principles by requiring the employer to pay the costs of arbitration in employer-promulgated plans.

Courts have recognized the importance of applying the AAA Employment Rules to employment disputes. Where an arbitration agreement calls for AAA rules but fails to specify which set of rules, courts have held that the AAA Employment Rules apply when the dispute arises from an employment relationship. See *Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 620 (N.D. Tex. 2002) (finding that AAA Employment Rules should apply to employment disputes and noting that cost-splitting provisions under other rules would be unconscionable).

By mandating the Commercial Rules instead of the Employment Rules, Defendant is attempting to circumvent the AAA's due process protections and shift significant costs to Plaintiff. This is a transparent attempt to discourage Plaintiff from pursuing his legitimate claims. Courts have found such provisions unconscionable. In *EEOC v. Woodmen of the World Life Ins. Soc.*, 479 F.3d 561, 566-67 (8th Cir. 2007), the Eighth Circuit found that the defendant waived its cost-splitting provision precisely because such provisions could prevent employees from vindicating their statutory rights. The court emphasized that without waiving the cost-splitting provision, the arbitration agreement would have been unconscionable.

Because the core of this dispute is an employment relationship—specifically, whether Plaintiff was misclassified as an independent contractor rather than an employee—the AAA Employment Rules are the appropriate governing procedures. The fact that Defendant characterized the relationship as a "consulting agreement" does not change the nature of the dispute. One of the primary issues in this case is whether the parties had an employer-employee relationship despite the label attached to their agreement. Allowing Defendant to bypass the AAA Employment Rules by labeling Plaintiff a "consultant" while simultaneously controlling him as an employee would reward the very misconduct alleged in this lawsuit.

### D. PLAINTIFF'S DECLARATION ESTABLISHES FINANCIAL HARDSHIP

As required by *Green Tree*, Plaintiff has submitted a declaration (Ex. C) establishing his current financial circumstances and demonstrating the likelihood that he will incur prohibitive costs if required to arbitrate under the Commercial Rules. Plaintiff was terminated by Defendant on October 10, 2025, and is currently unemployed. His income has been substantially reduced since his termination, and he cannot afford to pay $20,000 to $40,000 in arbitration costs.

Courts have consistently found cost-splitting provisions unconscionable where, as here, the plaintiff has demonstrated financial hardship. See *Redish*, 2008 WL 2572658, at *5 (person earning $12,000 per year could not afford arbitration costs); *Carter*, 189 F. Supp. 2d at 620 (finding financial hardship where costs would be prohibitive). The cost-splitting provision here would affect Plaintiff's willingness and ability to pursue his case, which is precisely the harm that *Green Tree* recognized as justifying the invalidation of an arbitration agreement.

### E. THE UNCONSCIONABLE PROVISION SHOULD BE SEVERED

The Court should sever the unconscionable cost-splitting requirement and the mandate to use the Commercial Rules. Texas law and the FAA allow for the severance of unconscionable provisions while enforcing the remainder of the agreement to arbitrate. *In re Poly-America, L.P.*, 262 S.W.3d at 360; *In re Halliburton Co.*, 80 S.W.3d at 572.

The doctrine of severability is well-established in arbitration law. Courts routinely sever unconscionable provisions from arbitration agreements while compelling arbitration under fair terms. See *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (severability doctrine applies to arbitration agreements); *Carter*, 189 F. Supp. 2d at 620 (severing cost-splitting provision and compelling arbitration under AAA Employment Rules). The purpose of severability is to preserve the parties' agreement to arbitrate while removing barriers to justice that render the agreement unconscionable.

Most recently, in *Harper v. Woodmen of the World Life Ins. Soc.*, No. 6:16-cv-00019-C (N.D.

Tex. Nov. 17, 2016), a case remarkably similar to this one, the Northern District of Texas found that cost-splitting provisions in an employment arbitration agreement were substantively unconscionable. In *Harper*, the plaintiff was a former employee who brought age discrimination claims and challenged the arbitration agreement's requirement that he share arbitration costs equally with his former employer. The court agreed with the plaintiff that requiring him to pay half of the arbitration costs—which the plaintiff demonstrated he could not afford—was unconscionable and would prevent him from vindicating his statutory rights. The court severed the unconscionable cost-splitting provision and ordered that the arbitration proceed under the AAA Employment Arbitration Rules, with the employer bearing all costs except the filing fee. See *Harper* Order (Dkt. 15) (Ex. E).

The facts of *Harper* are directly on point. Like Harper, Plaintiff Rijssenbeek is a former employee who has demonstrated financial hardship and inability to afford arbitration costs. Like Harper, Plaintiff here is challenging an employer-drafted arbitration agreement that attempts to impose prohibitive costs on the employee. And like Harper, this case involves statutory employment rights—there under the Age Discrimination in Employment Act, here under the FLSA—that should not be defeated by unconscionable contract provisions. This Court should follow the reasoning in *Harper* and grant the same relief.

Plaintiff requests that the Court order that it proceed under the AAA Employment Arbitration Rules. This would cap Plaintiff's filing fee at $350 and require Defendant to bear the remaining costs of arbitration, consistent with the AAA's own policies for employment disputes. This modification removes the unconscionable barrier to Plaintiff's vindication of his rights while preserving the parties' agreement to arbitrate. Several courts have taken this approach when faced with unconscionable cost provisions in arbitration agreements. See *Harper* Order (Ex E); *Carter*, 189 F. Supp. 2d at 620; *Dominguez*, 439 F. Supp. 2d at 690-91.

### F. THE PARTIES' AGREEMENT TO AAA RULES INCORPORATES THE EMPLOYMENT RULES BY REFERENCE

The Consulting Agreement provides that disputes "shall be submitted to final and binding

arbitration under the then current Commercial Arbitration Rules of the American Arbitration Association." (Dkt. 13-1 pp. 7-8). However, when parties agree to arbitration under AAA rules, they incorporate the AAA's policies and procedures, including the AAA's determination of which set of rules applies to the dispute.

As noted above, the AAA Employment Rules state that parties are "deemed to have made these rules a part of their arbitration agreement" when they provide for AAA arbitration of an employment dispute. AAA EMPLOYMENT/WORKPLACE ARBITRATION RULES R-1(a). Because this is indisputably an employment dispute—arising from Plaintiff's work for Defendant and his claims for unpaid wages under the FLSA—the Employment Rules are incorporated by the parties' agreement to AAA arbitration.  In other words: (1) the consulting agreement provides for AAA arbitration, so (2) the AAA rules are incorporated by reference into the consulting agreement, and therefore (3) the fee schedule's employer-pays provisions are part of the consulting agreement itself, not merely extrinsic AAA policy.

Moreover, courts apply ordinary contract principles when interpreting arbitration agreements, including the principle that ambiguities are construed against the drafter. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Here, Defendant drafted the Consulting Agreement on a take-it-or-leave-it basis. Any ambiguity about which AAA rules apply should be resolved in favor of the non-drafting party—Plaintiff—and in favor of the rules that provide due process protections for employees.

## IV. CONCLUSION

Defendant's Motion to Compel Arbitration seeks to enforce an unconscionable agreement that would force Plaintiff to pay thousands of dollars to vindicate his statutory rights under the FLSA. The requirement to use AAA Commercial Rules and split costs is substantively unconscionable and effectively denies Plaintiff access to justice.  Courts have consistently rejected such provisions and ordered arbitration to proceed under the AAA Employment Rules with the employer bearing the costs.

See *Harper v. Woodmen of the World Life Ins. Soc.*, No. 6:16-cv-00019-C (N.D. Tex. Nov. 17, 2016).

Accordingly, Plaintiff respectfully requests that the Court sever the unconscionable provisions requiring the use of AAA Commercial Rules and cost-splitting and instead order that any arbitration proceed under the AAA Employment Arbitration Rules, with Defendant bearing the costs of arbitration as required by those rules, consistent with the relief granted in *Harper* and other similar cases.

Respectfully submitted,

**WELMAKER LAW, PLLC**
505 E. Magrill
Longview, Texas 75601
Tel: (512) 499-2048


By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record through the Court's ECF system on this 9th day of March, 2026.

/s/ Douglas B. Welmaker
Douglas B. Welmaker

11