IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HUASCAR RIJSSENBEEK,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 4:25-cv-5786 |
| **SPARK BIOMEDICAL, INC.,** | § § § | |
| **Defendant** | § § | |

## DECLARATION OF DOUGLAS B. WELMAKER

I, Douglas B. Welmaker, declare under penalty of perjury that the following is true and correct:

    1. My name is Douglas B. Welmaker. I am an attorney licensed to practice law in the State of Texas, and I am a 1993 graduate of South Texas College of Law. I am over the age of 18 years and am competent to make this declaration. I have personal knowledge of the facts stated herein.

    2. I am the attorney of record for Plaintiff Huascar Rijssenbeek in this action. I have practiced employment law in Texas for more than 30 years and have experience with arbitration proceedings under both AAA Commercial Rules and AAA Employment Rules.

    3. I am familiar with the costs associated with arbitration under the AAA Commercial Arbitration Rules and the AAA Employment Arbitration Rules and Mediation Procedures in the Houston, Texas area.

    4. Under the AAA Commercial Arbitration Rules, parties typically share equally the costs of the arbitrator's fees and AAA administrative fees. The parties also bear their own attorney's fees and costs.

    5. Based on my experience and research into current AAA arbitrator rates in Texas, arbitrators typically charge between $3,500 and $7,000 per day for hearing time, plus additional fees for study time, preliminary conference calls, and award preparation.

    6. For an employment misclassification case such as this one, which involves claims for unpaid overtime wages under the FLSA, I estimate that the arbitration would require at least 3-4 days of hearings. This estimate is based on the need to present testimony regarding the nature of Plaintiff's work, the degree of control exercised by Defendant, the economic realities of the relationship, and damages calculations.

    7. In addition to hearing time, the arbitrator would need to review pre-hearing submissions, conduct preliminary conferences, review post-hearing briefs, and prepare a detailed award. This study and preparation time typically adds 2-3 additional days of arbitrator fees.

8. Conservatively estimating arbitrator fees at $4,500 per day for 5-6 days of total time (hearing and study), the total arbitrator fees would range from $22,500 to $27,000.

9. AAA administrative fees for a case of this nature under the Commercial Rules would add several thousand dollars to the total cost. Based on the AAA Commercial Fee Schedule, administrative fees for a case with claims in the range alleged here would likely total $5,000 to $8,000.

10. Therefore, the total costs of arbitration (arbitrator fees plus administrative fees) under the Commercial Rules would range from approximately $27,500 to $35,000. If the parties split these costs equally, as required by the Consulting Agreement, Plaintiff's share would be approximately $13,750 to $17,500.

11. This estimate does not include additional costs such as court reporter fees for transcripts (approximately $1,000-$2,000 per day), expert witness fees if needed, or costs for travel and accommodations if witnesses must travel to a major city in Texas for the hearing. Including these additional costs, Plaintiff's total share of arbitration costs could easily reach $20,000 to $40,000 or more.

12. In contrast, under the AAA Employment Arbitration Rules and Mediation Procedures, the employer is required to pay all costs of arbitration except for a filing fee not to exceed $350 for the employee. See AAA Employment/Workplace Fee Schedule.

13. Based on my discussions with Plaintiff and review of his financial circumstances, I believe that requiring him to pay $20,000 to $40,000 in arbitration costs would effectively prevent him from pursuing his claims. Plaintiff is currently unemployed following his termination and does not have the financial resources to pay such costs.

14. The cost differential between the Commercial Rules and the Employment Rules is approximately $20,000 to $40,000 for Plaintiff. This represents a substantial barrier to justice for an unemployed worker seeking to vindicate his statutory rights under federal wage and hour law.

15. Courts have recognized that such cost-splitting provisions in employment arbitration agreements are substantively unconscionable. For example, in *Harper v. Woodmen of the World Life Ins. Soc.*, No. 6:16-cv-00019-C (N.D. Tex. Nov. 17, 2016), the court found that a cost-splitting provision requiring the employee to share arbitration costs was unconscionable and ordered that the arbitration proceed under the AAA Employment Rules with the employer bearing all costs except the filing fee. A copy of that Order is attached as Exhibit D to this Response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of March 2026, in Longview, Texas.

*Douglas Welmaker*
Douglas B. Welmaker