IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HUASCAR RIJSSENBEEK,** § § | |
| **Plaintiff,** § § | |
| v. § | Case No. 4:25-cv-5786 |
| § | |
| **SPARK BIOMEDICAL, INC.,** § § | |
| **Defendant** § § | |

# DECLARATION OF HUASCAR RIJSSENBEEK

I, Huascar Rijssenbeek, declare under penalty of perjury that the following is true and correct:

    1. My name is Huascar Rijssenbeek. I am over the age of 18 years and am competent to make this declaration. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently to the same.

    2. I currently reside in Florida, where I have lived for several years.

    3. I was employed by Spark Biomedical, Inc. ("Spark Biomedical") as a Life Cycle and Performance Marketing Manager from approximately June 9, 2025, through October 10, 2025.

    4. During my employment with Spark Biomedical, I was paid at an hourly rate of $69.23 per hour. I routinely worked more than 40 hours per workweek but was never paid overtime compensation for hours worked in excess of 40 hours per week.

    5. On October 10, 2025, Spark Biomedical terminated my employment. I was discharged after I reported workplace misconduct.

    6. Since my termination on October 10, 2025, I have been unemployed. I have been actively seeking employment but have not secured another position.

    7. I have no current monthly income; I am living only on my savings.

    8. I have regular monthly expenses including rent/mortgage, utilities, food, transportation, health insurance, and other necessary living expenses. These expenses total approximately $4,000 per month.

    9. As a result of my unemployment, I am currently operating at a monthly deficit. I have been drawing on my limited savings to cover my monthly expenses. My savings are depleting

rapidly.

10. I do not have $20,000 to $40,000 available to pay arbitration costs. I do not have anywhere close to that amount to pay arbitration costs. Given my current financial situation, it would be impossible for me to pay half of the costs of arbitration under the AAA Commercial Arbitration Rules.

11. If I am required to pay half of the arbitration costs under the Commercial Rules, I will be financially unable to pursue my claims against Spark Biomedical for unpaid overtime wages. The cost of arbitration would effectively deny me the ability to vindicate my statutory rights under the Fair Labor Standards Act.

12. The requirement that I pay tens of thousands of dollars in arbitration costs would deter me from pursuing this case, even though I believe my claims are valid and meritorious. I cannot afford to risk such a substantial financial burden when I am already struggling to meet my basic monthly expenses.

13. When I signed the Consulting Agreement with Spark Biomedical, I did not have the opportunity to negotiate the terms of the agreement. The agreement was presented to me on a take-it-or-leave-it basis. I needed the job and had no choice but to accept the terms as written.

14. I did not understand at the time I signed the Consulting Agreement that the arbitration provision would require me to pay half of the arbitration costs, which could amount to tens of thousands of dollars. If I had understood the financial implications, I would have objected to this provision.

15. I am willing to arbitrate my claims against Spark Biomedical under the AAA Employment Arbitration Rules, which would require me to pay only a filing fee of approximately $300, an amount I can afford.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of March 2026, in __Miami_____, Florida.

_____
Huascar Rijssenbeek