IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| MICHAEL E. HARPER,<br><br>        Plaintiff,<br><br>v.<br><br>WOODMEN INSURANCE AGENCY, INC.<br>dba WOODMEN OF THE WORLD LIFE<br>INSURANCE SOCIETY and/or OMAHA<br>WOODMEN LIFE INSURANCE<br>SOCIETY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 6:16-CV-019-C |

## ORDER

On this date, the Court considered the Motion to Stay and Compel Arbitration filed by Defendant, Woodmen of the World Life Insurance Society, along with the Response filed by Plaintiff, Michael E. Harper. The Court further considered the Reply filed by the Defendant.

Plaintiff has alleged claims for age discrimination in employment against Defendant. Plaintiff entered into an employment contract with Defendant that contained a dispute resolution provision wherein the parties agreed to arbitrate their disputes. The provision explicitly includes claims of discrimination based on age. After filing an age-discrimination claim with the Equal Employment Opportunity Commission and receiving a right-to-sue notice, Plaintiff filed this lawsuit. Defendant has moved to stay this lawsuit and compel arbitration of Plaintiff's claims under the dispute resolution provision of their contract.

Plaintiff's main contention is that the dispute resolution clause is substantively unconscionable and unenforceable because the cost-splitting and venue selection provisions contained therein will cause unreasonable financial hardship to him. Defendant counters that Plaintiff has failed to meet his burden of showing that the fee-splitting provision is unconscionable or that the venue selection provision is unreasonably burdensome.

After careful review of the parties' arguments, the Court finds that the employment contract entered into between the parties is enforceable. As argued by the Defendant, the United States Court of Appeals for the Eighth Circuit has already held that the arbitration clause is neither procedurally nor substantively unconscionable. *See E.E.O.C. v. Woodmen of the World Life Ins. Soc.*, 479 F.3d 561, 566 (8th Cir. 2007) (finding the clause was not unconscionable but failing to reach the specific issue of whether the cost-splitting provision was unduly burdensome because defendant agreed to pay the full costs). Yet, the Eighth Circuit panel failed to reach the specifics of the cost-splitting provision because Defendant agreed to pay those costs in that instance. Thus, the case fails to present clarity on that particular issue.

Turning to the venue selection provision, the Court finds that the provision is not unreasonable or unduly burdensome. Plaintiff understood at the time that he executed the agreement with Defendant that he would be required to travel to Nebraska to resolve any dispute that might arise under the contract. Moreover, his residence has not changed and the distance or any inconvenience the travel might entail have not materially changed either. The law is clear on the issue of forum selection clauses—merely claiming inconvenience or added costs is generally insufficient to justify striking such a provision. *See Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008). Plaintiff has failed to meet his heavy

burden of showing that the forum selection provision should not be enforced. Thus, the Court finds that venue for the arbitration is proper in Douglas County, Nebraska.

Next, the Court turns to the issue of the cost-sharing provision of the dispute resolution clause. In this instance, the Court finds that Plaintiff has met his burden of showing that the fee-sharing provision is an unreasonable burden on him that may keep him from pursuing his claims. However, the Court finds that resolution requires only that the cost-splitting provision be severed under the contract's severability clause. Although cost-splitting provisions are not per se invalid, courts are to assess the circumstances of each case to determine whether a party meets its burden of showing that enforcement would be unconscionable. *See Woodmen,* 479 F.3d at 567. Thus, the Court finds that the cost-spitting provision should be severed and that Defendant should pay the arbitrator's fees.

Defendant's Motion to Stay and Compel Arbitration is **GRANTED IN PART** and **DENIED IN PART**. The above-styled and -numbered civil action is **STAYED** and **ADMINISTRATIVELY CLOSED** so that the parties may arbitrate Plaintiff's claims under the terms of the agreement. The arbitration shall be held in Douglas County, Nebraska, and Defendant shall pay the costs of the arbitrator's fees.

SO ORDERED.

Dated this 17th day of November, 2016.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE