IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HUASCAR RIJSSENBEEK, | § |
| Plaintiff, | § |
| v. | §    Case No. 4:25-cv-5786 |
| SPARK BIOMEDICAL, INC., | § |
| Defendant | § |

### ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY THE CASE

On this day, the Court considered Defendant Spark Biomedical, Inc.'s Motion to Compel Arbitration and to Stay the Case, Plaintiff Huascar Rijssenbeek's Response in Opposition, and all matters of record. After careful consideration, the Court makes the following findings and orders:

### FINDINGS

1. The parties entered into a Consulting Agreement containing an arbitration provision requiring that disputes be submitted to "final and binding arbitration under the then current Commercial Arbitration Rules of the American Arbitration Association."

2. This is an employment dispute arising from Plaintiff's work for Defendant and Plaintiff's claims for unpaid overtime wages under the Fair Labor Standards Act based on alleged misclassification as an independent contractor.

3. The arbitration provision mandating use of the AAA Commercial Arbitration Rules would require Plaintiff to bear half of the costs of arbitration, estimated at $20,000 to $40,000.

4. Plaintiff is currently unemployed following his termination by Defendant and lacks the financial resources to pay such costs.

5. The cost-splitting provision is substantively unconscionable under Texas law because it is grossly one-sided and would effectively prevent Plaintiff from vindicating his statutory rights under

the FLSA. See *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000).

6. The AAA Employment Arbitration Rules and Mediation Procedures are the appropriate rules for employment disputes. These rules require the employer to pay all costs of arbitration except for an employee filing fee not to exceed $350.

7. The unconscionable cost-splitting provision can and should be severed from the arbitration agreement while preserving the parties' agreement to arbitrate. See *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002); *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997).

8. Similar relief was granted in *Harper v. Woodmen of the World Life Ins. Soc.*, No. 6:16-cv-00019-C (N.D. Tex. Nov. 17, 2016), where the court found cost-splitting provisions unconscionable and ordered arbitration to proceed under the AAA Employment Rules.

**ORDER**

Based on the foregoing findings, the Court ORDERS as follows:

1. Defendant's Motion to Compel Arbitration is GRANTED IN PART and DENIED IN PART.

2. The provision in the Consulting Agreement requiring use of the AAA Commercial Arbitration Rules and the cost-splitting provision requiring Plaintiff to pay half of the arbitration costs are hereby SEVERED from the agreement as substantively unconscionable and unenforceable.

3. The parties are ORDERED to arbitrate this dispute under the AAA Employment Arbitration Rules and Mediation Procedures.

4. Defendant Spark Biomedical, Inc. shall pay all costs of arbitration, including arbitrator fees and administrative fees, except that Plaintiff shall pay a filing fee not to exceed $350, consistent with the AAA Employment Rules for disputes arising out of employer-promulgated plans.

5. Each party shall bear its own attorney's fees and costs associated with the arbitration, subject to any allocation by the arbitrator as authorized by law.

    6. This case is hereby STAYED pending completion of the arbitration.

    7. The parties shall file a joint status report with the Court within fourteen (14) days after the arbitration is completed.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2026.

                                      _____
                                      UNITED STATES DISTRICT JUDGE