**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HUASCAR RIJSSENBECK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 4:25-cv-5786** |
| | § | |
| **SPARK BIOMEDICAL, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION**
**TO COMPEL ARBITRATION AND TO STAY THE CASE**

COMES NOW, Defendant Spark Biomedical, Inc. ("Spark Biomedical" or "Defendant"), and files this Reply to Plaintiff's Response to Defendant's Motion to Compel Arbitration, and would respectfully show the Court as follows:

**I.**

**INTRODUCTION**

Plaintiff does not dispute that arbitration is appropriate. Therefore, Spark Biomedical's Motion to Compel Arbitration should be granted.

Plaintiff argues that the Court should not enforce the contract terms agreed to by the parties regarding the costs of the arbitrator being split evenly. Those arguments are baseless and are premised on incorrect factual statements. For example, Plaintiff claims that there will be a three-day arbitration hearing and that the costs associated with that will be tens of thousands of dollars. Those arguments are all incorrect and ignore the reality that the expedited procedures of the AAA Commercial Rules are a relatively low-cost avenue and will likely involve no hearing at all and will be decided on the papers. The Court should not change the terms of the contract, and doing so will only encourage Plaintiff to continue his ongoing efforts to drive up the costs of this dispute.

## II.

## <u>ARGUMENT AND AUTHORITIES</u>

**A. Plaintiff does Not Dispute that Arbitration is Appropriate, and the Court Should Move Forward with Sending the Matter to Arbitration.**

In Plaintiff's Response to Defendant's Motion to Compel Arbitration ("Response"), Plaintiff admits that there is a binding arbitration provision in the Spark Biomedical Consulting Agreement ("Consulting Agreement"). Plaintiff also does not contest that the claims in this lawsuit are subject to arbitration. Therefore, the Court should grant Spark Biomedical's motion to compel arbitration and stay the lawsuit.

**B. The Parties Contractually Agreed to Arbitrate Pursuant to the AAA Commercial Arbitration Rules, and the Terms of that Contract Should be Enforced.**

While Plaintiff does not contest arbitration, Plaintiff argues that the AAA Employment Rules should govern the arbitration rather than the Commercial Rules that the parties agreed to in the Consulting Agreement. This is an effort by Plaintiff to shift arbitrator costs to Spark Biomedical. Plaintiff cannot now attempt to rewrite the contract that he previously requested and signed.

As this Court has opined, the Federal Arbitration Act (the "FAA") requires courts to "enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Global Industrial Contractors, LLC v. Red Eagle Pipeline, LLC,* 617 F.Supp.3d 633, 635 (S.D. Tex. 2022). In this case, the Consulting Agreement specifies that any dispute relating to the agreement "shall be submitted to final and binding arbitration under the then current Commercial Arbitration Rules of the American Arbitration Association" and that "[t]he parties shall bear the costs of the arbitration equally…." Exhibit A-1 to Defendant's Motion at ¶ 8. Pursuant to the FAA, this Court should strictly enforce the terms of the Consulting Agreement that were

previously agreed to by the parties, and compel this case to arbitration under the Commercial Arbitration Rules.

**C. Contrary to Plaintiff's suggestion, the Cost-Sharing Provision is Not Unconscionable in this Case and Should be Enforced.**

"[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Industries, Inc.,* 362 F.3d 294, 297 (5th Cir. 2004). An individual attempting to avoid an arbitration agreement faces "a high bar" and bears the burden of proving unconscionability. *Id.* at 297, 301. In his Response, Plaintiff argues that the cost-splitting provision in the Consulting Agreement is unconscionable. Response at pp. 4-6. It is not unconscionable for each party to pay their own share of the costs of arbitration in this matter.

As an initial matter, when considering the counterclaims (and not simply Plaintiff's claim), the parties' disputes are more commercial in nature than employment based. Plaintiff was not employed by Defendant—he was independent contractor. He agreed to the terms of the Consulting Agreement, including that the "relationship of the parties is that of independent contractors and nothing in this Agreement or the course of dealing of the parties shall be deemed to imply or create any other relationship, including employer and employee . . ." Exhibit A-1 to Defendant's Motion at ¶ 9. In fact, it was Plaintiff requested that Defendant make all payments for the services be to his company, Third-Party Defendant Global X MGT, LLC. *See* Exhibit A-2 to the Motion. Global X MGT, LLC also issued the invoices to Defendant for services performed or allegedly performed by Plaintiff. Defendant has filed counterclaims against Plaintiff and his company for breach of contract, unjust enrichment, negligent misrepresentation, and fraud. The counterclaims, in part, are based on an improper invoice submitted by Plaintiff's company (and paid by Defendant) that was not for services performed and was in violation of the Consulting Agreement. Defendant's

counterclaims are not based on any employment-related conduct and are not related to any employment statutes or theories of liability. The majority of the claims are essentially a commercial dispute between two entities—Plaintiff's company and Defendant. Overall, the claims in the dispute are more commercial in nature and are appropriately governed by the AAA Commercial Rules. Regardless, that is what is called for by the contract, as discussed *infra*, those procedures provide for an expedited and cost-effective way to adjudicate the dispute.

Plaintiff's purported evidence of unconscionability attached to his Response is simply incorrect. Plaintiff's counsel attached a declaration that claims that Plaintiff's share of the arbitrator's fees will likely be $20,000 to $40,000 due to an arbitration hearing lasting several days and then considerable briefing in addition to that. But none of that is accurate or will occur. The declaration of Plaintiff's counsel is directly contradicted by the AAA Commercial Rules. As one example, Plaintiff's counsel adds over $20,000 to $40,000 to his calculation based on court reporter fees and costs for travel. Response, Exhibit B, ¶ 11. That is baseless because there is no travel involved given that, even if there is a hearing (and there should not be), it will be via telephone or electronically (such as via Zoom). Exhibit A-1, Commercial Arbitration Rule E-6(d). Also, there is typically no transcription. Exhibit A-1, Rule E-8(c). Therefore, the inclusion by Plaintiff's counsel of these costs that will never occur indicates that the declaration should be disregarded.

Plaintiff's claims and Spark Biomedical's claim in this lawsuit total less than $25,000.[1] Therefore, this case will be governed by the AAA's Expedited Procedures in the Commercial

---

[1] Defendant is seeking $8,525.67 relating to Defendant's breach of contract counterclaim against Plaintiff. Exhibit A-2. As referenced in the email exchange between counsel, the alleged FLSA overtime claim sought by Plaintiff is less than the $8,525.67 sought by Defendant on the breach of contract claim. Exhibit A-3.

Rules because the claims at issues do not exceed $100,000.  Exhibit A-1, Rule R-1(b).  The Expedited Procedures dramatically reduce the costs of arbitration.  Aside from exchanging proposed exhibits, there is no other discovery permitted unless allowed by arbitrator and except for good cause shown.  Exhibit A-1, Rule E-5(a)-(b).  Additionally, there is no motion practice except as allowed by the arbitrator for good cause shown.

Furthermore, because "no party's claim exceeds $25,000, exclusive of interest, attorneys' fees and arbitration costs," "the dispute shall be resolved by submission of documents, unless any party requests an oral hearing or the arbitrator determines that an oral hearing is necessary."  AAA Rule E-6.  This dispute will be submitted to the arbitrator without the need for the 3-4 days of hearing claimed in the declaration of Plaintiff's counsel, and Plaintiff's estimate that this arbitration would cost $27,000 to $35,000 is bogus, entirely speculative, and grossly exaggerated. *See* Exhibit B to Plaintiff's Response.  In fact, the AAA Expedited Procedures states that, if there is a hearing (and one party would have to request it), absent good cause shown, the hearing will not exceed one day.  Exhibit A-1, Rule E-8(a).  Plaintiff and his counsel are grossly incorrect as to the potential costs of arbitration and are flagrantly disregarding the Expedited Procedures that govern this dispute.  Rather than tens of thousands of dollars (as suggested in Plaintiff's filings), Plaintiff's share of the arbitrator compensation will likely be more in the range of $1,750 to $6,000.  Exhibit A at ¶ 5.  That is not unconscionable.[2]

---

[2] Also, the cases cited by Plaintiff generally do not support his arguments and frequently hold that the arbitration provisions are not unconscionable, which supports Defendant's arguments herein. *See e.g. Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 91 (2000) ("The 'risk' that Randolph will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement."); *Crawford Prof'l Drugs Inc. v. CVS Caremark Corp.,* 748 F.3d 249, 268 (5th Cir. 2014) (Concluding "that the potential costs of arbitration do not render the arbitration clause substantively unconscionable."); *Faber v. Menard, Inc.,* 367 F.3d 1048, 1054 (8th Cir. 2004) ("Faber failed to meet his burden of proof that the arbitrators' fees make the agreement unconscionable due to their prohibitive costs.").  Plaintiff also cites cases where the issue before

The declaration of Plaintiff's counsel is also inflated as to the administrative filing fee. Plaintiff's counsel claims that the filing fees under the Commercial Rules "likely total $5,000 to $8,000." Response, Exhibit B, ¶ 9. In reality, the total filing fee is $1,300 per party. Exhibit A at ¶ 6; Exhibit A-2. Once again, the declaration of Plaintiff's counsel is not reliable and amounts to no evidence.

"[T]he mere possibility that a plaintiff may have to share in the payment of the arbitrator's fees, without more, is not a sufficient reason to invalidate the arbitration agreement." *Quinn v. EMC Corp.,* 109 F.Supp.2d 681, 68 (S.D. Tex. 2000) (citing *Williams v. Cigna Financial Advisors, Inc.,* 197 F.3d 752, 764 (5th Cir. 1999)). "Thus, the United States Supreme Court has indicated that arbitration provisions should not be held unconscionable based on speculation about their potential effect." *Venture Cotton Cooperative v. Freeman,* 435 S.W.3d 222, 232 (Tex. 2014) (citing *PacifiCare Health Sys., Inc. v. Book,* 538 U.S. 401, 407 n. 2 (2003)).

The Consulting Agreement further provides that, prior to arbitration, representatives of the parties shall meet and attempt to negotiate a good faith resolution of the dispute. Exhibit A-1 to Defendant's Motion at ¶ 8. Defendant's counsel has reached out to Plaintiff's counsel on multiple occasions in the last sixty (60) days in an attempt to negotiate a resolution of the lawsuit, which

---

the court was not a cost splitting provision, but unrelated provisions. *See e.g. Vallejo v. Garda CL Sw., Inc.,* 948 F.Supp.2d 720 (S.D. Tex. 2013) (Intervenors challenged whether they assented to the arbitration provision.); *Dominguez v. The Finish Line, Inc.,* 439 F.Supp.2d 688 (W.D. Tex. 2006) (The court addressed an Indiana forum-selection clause that would require the plaintiff to travel to Indiana for arbitration). Plaintiff further relies on *Carter v. Countrywide* and cites both the Northern District of Texas case and the Fifth Circuit appellate opinion. However, the Fifth Circuit held that "the issue of arbitration costs is moot in this case" because the employer voluntarily agreed to pay most of the arbitration costs. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 300 (5th Cir. 2004). Additionally, the Northern District of Texas did not order that the AAA Employment Rules should apply as stated by Plaintiff. *See* Response at p. 8. The court actually did not discuss the AAA Commercial or Employment rules at all. *See Carter v. Countrywide Credit Indus., Inc.,* 189 F.Supp.2d 606 (N.D. Tex. 2002).

would minimize costs and fees for both parties. Exhibit A at ¶ 7. Plaintiff has failed to engage in any attempt to resolve the dispute. *Id.* It is disingenuous for Plaintiff to now complain about the potential costs of arbitration when he has refused to even engage in potential settlement negotiations. *Id.* In reality, what has happened to date appears to be more consistent with driving up attorney's fees to then seek recovery of those at the end of the matter. If the Court puts all arbitrator costs on Spark Biomedical, as requested by Plaintiff, that will only embolden Plaintiff to continue down his current path of refusing to do anything to reach a reasonable resolution or proceeding forward with the arbitration in a cost-effective way (such as the low-cost approach of submitting the matter for a decision on the papers) because he will have no "skin" in the dispute, and will instead be encouraged to prolong the litigation to potentially drive up his own attorney's fees to ask for a larger award should he prevail. All the while, Spark Biomedical will be saddled with all of the arbitrator cost if Plaintiff has his way. Such a result is not reasonable, logical, or consistent with justice.[3]

The bottom line is that Plaintiff cannot meet his high burden to invalidate the terms of the arbitration agreement agreed to by parties. The evidence proffered by Plaintiff that forms the basis of the arguments in his Response is wholly and directly contracted by the Expedited Procedures of the AAA Commercial Rules. His arguments fail on that and the other bases outlined herein. The Court should enforce the terms of the Consulting Agreement that were agreed to by the parties and find that the Commercial Rules of the AAA govern the arbitration. Doing so is consistent

---

[3] Plaintiff's arguments do not overcome the clear terms of the contract. Plaintiff argued—without citing any cases—that because the parties agreed to arbitrate pursuant to the AAA Commercial Arbitration Rules, the AAA Employment Rules are incorporated by the parties' agreement. That argument is not supported by any case law and ignores the well-established precedent that the FAA requires courts to enforce arbitration agreements pursuant to their express terms. *See Global Indus. Contractors,* 617 F.Supp.3d at 635.

with the FAA, consistent with the Consulting Agreement, and appropriate when considering the true and logical facts regarding this dispute.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Spark Biomedical, Inc. respectfully requests that this Honorable Court grant its Motion to Compel, compel arbitration, order that the such arbitration be conducted pursuant to the Commercial Arbitration Rules of the AAA, as contractually agreed, stay this lawsuit while arbitration is accomplished, and for all other relief to which Spark Biomedical, Inc. may show itself justly entitled, both as a matter of law and/or equity.

Respectfully Submitted,

**MCFADDEN TRACHTENBERG PLLC**


By:_____/s/ *Randy Bruchmiller*_____
    Randy J. Bruchmiller
    State Bar No. 24031889
    S.D. Texas: 30079
    4200 Montrose, Suite 300
    Houston, Texas 77006
    (512) 368-8183 (Telephone)
    (832) 442-5430 (Facsimile)
    randy@greatlaw.com

**ATTORNEYS FOR DEFENDANT**
**SPARK BIOMEDICAL, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record through (i) this court's ECF method, (ii) facsimile, and/or (iii) via the United States Postal Service, on this 16th day of March, 2026.


_____/s/ *Randy Bruchmiller*_____
Randy J. Bruchmiller