**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **HUASCAR RIJSSENBECK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 4:25-cv-5786** |
| | § | |
| **SPARK BIOMEDICAL, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ON DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO STAY THE CASE**

ON THIS DAY, the Court considered Defendant's Motion to Compel Arbitration and to Stay the Case, Plaintiff's Response, Defendant's Reply, and all matters of record. After careful consideration, the Court makes the following findings and orders:

**FINDINGS**

1.      The parties entered into the Spark Biomedical Consulting Agreement ("Consulting Agreement"), which contains an arbitration provision requiring that disputes be submitted to "final and binding arbitration under the then current Commercial Arbitration Rules of the American Arbitration Association."

2.      The Consulting Agreement specifies that any dispute relating to the agreement "shall be submitted to final and binding arbitration under the then current Commercial Arbitration Rules of the American Arbitration Association" and that "[t]he parties shall bear the costs of the arbitration equally…."

3.      The Court finds that the claims, counterclaims and crossclaims asserted by the parties in this matter are subject to the arbitration provision of the Consulting Agreement.

4.      The Commercial Arbitration Rules contain Expedited Procedures that apply to this matter. Those rules are anticipated to result in a much quicker and less expensive process for the parties.

1

5. The Federal Arbitration Act (the "FAA") requires courts to "enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Global Industrial Contractors, LLC v. Red Eagle Pipeline, LLC,* 617 F.Supp.3d 633, 635 (S.D. Tex. 2022).

6. "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Industries, Inc.,* 362 F.3d 294, 297 (5th Cir. 2004). An individual attempting to avoid an arbitration agreement faces "a high bar" and bears the burden of proving unconscionability. *Id.* at 297, 301.

7. Plaintiff has failed to meet his high burden to support his claim of unconscionability.

8. Therefore, the Court finds that the appropriate course is to enforce the arbitration and related provisions in the Consulting agreement as written.

**ORDER**

Based on the foregoing findings, the Court ORDERS as follows:

1. Defendant's Motion to Compel Arbitration is GRANTED.

2. The arbitration shall proceed pursuant to the Commercial Arbitration Rules of the American Arbitration Association and the parties shall bear the costs of the arbitration equally.

3. Each party shall bear its own attorney's fees and costs associated with the arbitration.

4. The case is hereby stayed pending completion of the arbitration.

5. The parties shall file a joint status report with the Court within fourteen (14) days after the arbitration is completed.

IT IS SO ORDERED.

SIGNED this ___ day of _____, 2026.

_____<br>
PRESIDING JUDGE